**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**MATTHEW GORSKI,**

        **Plaintiff,**        **CIVIL ACTION NO. 12-12250**

      **vs.**        **DISTRICT JUDGE MARK A. GOLDSMITH**

**CTX MORTGAGE CO., LLC,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
and BANK OF AMERICA,**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** The motion to dismiss filed by Mortgage Electronic Registration Systems, Inc. and Bank of America, N.A., as successor by merger to BAC Home Loans (docket no. 7) should be granted and Plaintiff's complaint should be dismissed in its entirety.

**II.**    **REPORT:**

Plaintiff Matthew Gorski brought this action in Macomb County Circuit Court on April 23, 2012 against Defendants CTX Mortgage Company, LLC, Mortgage Electronic Registration Systems, Inc. ("MERS") and Bank of America, N.A., as successor by merger to BAC Home Loans ("BANA"). Defendants removed the action to this Court on May 22, 2012. (Docket no. 1). The complaint challenges foreclosure proceedings related to real property located at 17836 Masonic in Fraser, Michigan. The complaint seeks to quiet title to the subject property. It alleges that Plaintiff initiated an investigation after Defendants failed to validate his debt, and in doing so "discovered certain bogus instruments which purported to divest Plaintiff of all interest in the subject property by way of silent fraud." (Docket no. 1, complaint at ¶¶ 7-8). The complaint alleges that a Mortgage

Discharge document signed by a representative of MERS on December 5, 2005 is fraudulent and that the fraud is somehow related to the fact that it was signed by Ronald Meharg as the individual who prepared the document. (Docket no. 1, ¶ 9). The complaint alleges that this same document is also fraudulent because it was signed by known robo-signer Jessica Leete and by a fictitious woman named Linda Green. (Docket no. 1, ¶¶ 11, 12). The complaint further alleges that a Mortgage Assignment from MERS to BAC Home Loan Servicing, L.P. dated February 4, 2010 is fraudulent because the document was drafted by Marcy Ford and signed by Jeanne Kivi, both of whom are allegedly known robo-signers. (Docket no. 1, ¶¶ 13, 15). According to the complaint, everything that flows from the fraudulent Assignment is tainted with fraud and must be revoked.

The complaint makes vague allegations that Defendants are in violation of a Servicer Performance Agreement due to their poor bookkeeping of accounts, and have violated the Real Estate Mortgage Investment Conduit (REMIC) laws, the Fair Credit Reporting Act (FCRA), the Real Estate Settlement Procedures Act (RESPA), and the Uniform Commercial Code. It also alleges that Defendants have engaged in fraud and have been unjustly enriched. Plaintiff asks the Court to extinguish any interests Defendants may hold in the subject property, return the property to Plaintiff, and award him $149,946.82 for defending the fraudulent action.

In the Notice of Removal, Defendants BANA and MERS state that Defendant CTX Mortgage has not been properly served nor has it waived proper service. The Removal Notice also states that MERS was not properly served. Since MERS filed the instant motion to dismiss without asserting an argument of improper service of process, it has waived any such defense. Fed. R. Civ. P. 12(h).

**A.     Facts**

Defendants MERS and BANA submitted a copy of the Mortgage, Note, and Assignment of Mortgage in support of their motion to dismiss. (Docket no. 7). Plaintiffs also attached a copy of the Assignment of Mortgage to their complaint, along with a copy of the Warranty Deed, Mortgage Discharge, and various other documents. (Docket no. 1). Although Plaintiff did not attach a copy of the Mortgage to his complaint, the undersigned concludes that the Mortgage is central to Plaintiff's claims and may be considered by the Court without converting the motion into one for summary judgment under Federal Rule of Civil Procedure 56. *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim.").

The Warranty Deed and Mortgage Discharge show that Plaintiff Matthew Gorski borrowed the sum of $132,949 from CTX Mortgage Company, LLC on or around June 16, 2003 and in exchange granted MERS a mortgage interest in real property located at 17836 Masonic Blvd in Fraser, Michigan. (Docket no. 1, ex. A, B). On or around November 18, 2005, Plaintiff borrowed the sum of $138,040 from Shore Mortgage and as security for that loan granted MERS, as nominee for the lender, a mortgage interest in the subject property. (Docket no. 7, ex. A, B). Subsequently, on December 5, 2005, the first mortgage was discharged. (Docket no. 1, ex. B). On February 4, 2010 MERS assigned its mortgage interest to BAC Home Loans Servicing, L.P. (Docket no. 1, ex. F). Bac Home Loans Servicing, L.P. would later merge into Bank of America, N.A. The Assignment of Mortgage was recorded March 10, 2010. (Docket no. 1, ex. F).

Defendants allege that Plaintiff defaulted on his loan and BANA began foreclosure

3

proceedings. (Docket no. 7, brief at p. 2 and ex. D). Defendants show that Trott & Trott, BANA's counsel, mailed a written notice dated February 3, 2010 to Plaintiff informing him of the reason for the default and the amount due and owing, among other information required under MCL 600.3205a. (Docket no. 7, ex. D; Docket no. 11, ex. 1). The record therefore shows that BANA, through its counsel, mailed the Affidavit of MCL 600.3205 Notice to Plaintiff one day before BANA acquired a mortgage interest in the subject property under the February 4, 2010 Assignment of Mortgage, and before the mortgage interest was recorded. (Docket no. 7, ex. C, D). The Affidavit of MCL 600.3205 Notice states that Plaintiff did not request a meeting with a housing counselor. (Docket no. 7, ex. D).

Defendants demonstrate that notice of the foreclosure sale was published in the Macomb County Legal News for four consecutive weeks from March 3 through March 24, 2010. (Docket no. 7, ex. E). Defendants further show that notice was posted in a conspicuous place upon the premises on March 8, 2010. On April 16, 2010 a sheriff's sale took place at which BAC Home Loans Servicing, L.P. purchased the property for $149,946.82. The last day for Plaintiff to redeem the property was October 16, 2010. (Docket no. 7, ex. E). Defendants state that Plaintiff did not make any effort to redeem the property before the period of redemption expired, and Plaintiff does not state otherwise. Subsequently, Plaintiff was ordered to appear in state court on April 17, 2012 on Defendant BANA's summons and complaint for recovery of possession of the premises. (Docket no. 1).

**B.     Standard**

Defendants MERS and BANA move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). When determining a motion under Rule 12(b)(6) for failure to state a

claim upon which relief may be granted, the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted). Although the court is obligated to take all factual allegations in the complaint as true, it is not bound to accept as true legal conclusions that are masquerading as factual allegations. *Id*.

**C.     Analysis**

Although Plaintiff filed his complaint *pro se*, he is now represented by counsel. In response to Defendant's motion, Plaintiff's counsel filed a response arguing that Plaintiff should be allowed to file an amended complaint now that he has legal representation. Plaintiff contends that (1) the mortgage was an FHA mortgage that could only be foreclosed under the procedures set forth in the Single Family Foreclosure Act of 1994, (2) the Mortgage Assignment document was recorded on March 10, 2010, after Plaintiff was provided with notice of his rights under MCL 600.3205, and (3) the foreclosure was commenced before Defendant BANA recorded the Mortgage Assignment on March 10, 2010. In addition, Plaintiff argues that the Assignment of Mortgage is invalid because Jeanne Kivi signed the Assignment as President of MERS without personal knowledge, and he claims that the Affidavit of MCL 600.3205 Notice is invalid because Michael McDermott signed the affidavit as counsel for BAC Home Loans Servicing, L.P. without personal knowledge of the mortgage transaction. (Docket no. 1, ex. F). Plaintiff also argues that the Mortgage Discharge was

signed by known robo-signer Linda Green.  (Docket no. 10).

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(A),(B). Otherwise "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The decision whether to permit a plaintiff to amend is within the sound discretion of the court.  *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).  The court may deny the motion if there has been unreasonable delay, lack of notice, bad faith, repeated failure to cure deficiencies by previous amendments, undue prejudice, or futility.  *Id.*  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted).

The gist of Plaintiff's argument in response to the instant motion is that the foreclosure sale was fraught with structural defects that made it impossible for Defendants to comply with Michigan's foreclosure by advertisement statute.  Plaintiff relies on *Davenport v. HSBC Bank USA*, 739 NW2d 383 (Mich. Ct. App. 2007) to argue that structural defects in the mortgage foreclosure process, such as when the defendant has not recorded its mortgage interest before it commences foreclosure proceedings, render the sheriff's sale and foreclosure void *ab initio*.  Recently, in *Kim v. JPMorgan Chase Bank, N.A.*, No. 144690, 2012 Mich. Lexis 2220 (Mich. Dec. 21, 2012), the Michigan Supreme Court abrogated *Davenport* and held that "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*."  *Id.* at *22.

6

Mich. Comp. Laws § 600.3204 provides that a party may foreclose a mortgage by advertisement if: (a) a mortgage default has occurred which has triggered a power of sale clause, (b) a legal action has not been commenced to recover the debt secured by the mortgage or any part of the mortgage, (c) the mortgage instrument containing the power of sale clause has been properly recorded before initiating foreclosure proceedings, (d) the party foreclosing the interest is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage. *See Kim*, 2012 Mich. Lexis 2220, at *5-7. "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale...evidencing the assignment of the mortgage to the party foreclosing the mortgage." Mich. Comp. Laws § 600.3204(2).

"[A]s a general matter, a mortgagee cannot validly foreclose a mortgage by advertisement before the mortgage and all assignments of that mortgage are duly recorded." *Kim*, 2012 Mich. Lexis 2220, at *5. Nevertheless, a foreclosure commenced without first recording the mortgage and any assignments of the mortgage is not invalid if the defect does not harm the homeowner. *Id.* at *21. If a foreclosure is commenced before the mortgage or any assignments are recorded, the court must determine whether the foreclosure sale of the property is voidable. To set aside a foreclosure sale, a plaintiff must show that he was prejudiced by a defendant's failure to comply with the foreclosure by advertisement statute, MCL 600.3204. "To demonstrate such prejudice, [plaintiff] must show that [he] would have been in a better position to preserve [his] interest in the property absent defendant's noncompliance with the statute." *Id.* at 22.

Here, the record shows that BANA initiated foreclosure proceedings as servicer of the loan, not as mortgagee. Indeed, the notice sent to Plaintiff by Trott & Trott discloses that BANA was the

"creditor to which your mortgage debt is owed or the servicer for the creditor to which the debt is owed." (Docket no. 11, ex. 1). Regardless of BANA's status, Plaintiff has not made any argument or alleged any facts to show that he was prejudiced by Defendants' alleged failure to comply with the foreclosure by advertisement statute, and that he would have been in a better position to preserve his property absent Defendants' noncompliance with the statute. Although *Kim* was recently decided after Plaintiff filed his response with the Court, it cited to and was based upon established precedent dating as far back as 1936. *Kim*, 2012 Mich. Lexis 2220, at *20-21.

As to Plaintiff's robo-signer allegations, courts in this District have held that bare allegations that robo-signers were used to sign documents are insufficient to state a claim of fraud. *See Adams v. Springleaf Fin. Serv./AIG*, 2012 WL 2905279, at *7 (E.D. Mich. July 16, 2012) (citing cases). Similarly, Plaintiff's assertion that Defendants failed to follow the foreclosure requirements applicable to FHA loans as set forth in the Single Family Foreclosure Act of 1994 is unavailing as there is no private right of action that may be brought by a plaintiff for a defendant's alleged noncompliance with HUD regulations governing foreclosure of federally insured mortgages. *Smith v. Amerihome Mortg. Corp.*, No. 12-556, 2012 WL 5902913, at *2 (S.D. Ohio Nov. 26, 2012).

E.D. Mich. LR 15.1 provides that "[a] party who moves to amend a pleading shall attach the proposed amended pleading to the motion." Plaintiff failed to file a formal motion to amend his complaint pursuant to Federal Rule of Civil Procedure 15, and even failed to attach a copy of his proposed amended complaint to his response to the motion to dismiss pursuant to LR 15.1. The undersigned has reviewed the parties' arguments and concludes that it would be futile for Plaintiff to file an amended complaint as Defendants are entitled to dismissal of Plaintiff's claims. The undersigned recommends that Plaintiff's complaint be dismissed in its entirety, including any claims

brought against unserved Defendant CTX Mortgage.

### III.      NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: January 22, 2013               s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.


Dated: January 22, 2013          <u>s/ Lisa C. Bartlett</u>
                                                     Case Manager