THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW GORSKI,

       Plaintiff,

vs.

CTX MORTGAGE CO., LLC,
et al.,

       Defendants.
_____/

Civil Action No.
12-CV-12250

HON. MARK A. GOLDSMITH

**OPINION AND ORDER (1) ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION, (3) GRANTING DEFENDANTS' MOTION TO DISMISS, AND (4) GRANTING IN PART PLAINTIFF'S REQUEST FOR LEAVE TO AMEND HIS COMPLAINT**

## I.    INTRODUCTION

This is a mortgage foreclosure case. Plaintiff Matthew Gorski filed a complaint in Macomb County Circuit Court, challenging foreclosure proceedings commenced by Defendant Bank of America, N.A. ("BANA"). Compl., Ex. 1 to Notice of Removal (Dkt. 1 at 6 of 56 (CMECF pagination). The other two Defendants are CTX Mortgage Co. ("CTX") and Mortgage Electronic Registration System ("MERS"). Defendants BANA and MERS removed the case to this Court on May 22, 2012.[1] (Dkt. 1.) The Court entered an Order referring all pretrial matters

---

[1] Defendant CTX was not properly served. As of the date of removal, no proof of service on CTX was filed in the state court action. Notice of Removal ¶ 7 n.1. Furthermore, no certificate of service on CTX was filed in the federal action, and CTX has not appeared in this matter to date. Because CTX was not properly served, it was not required to join in the removal. See Klein v. Manor Healthcare Corp., 19 F.3d 1433, at *3 n.8 (Table) (6th Cir. 1994). Furthermore, the summons in this case expired on July 23, 2012. Summons (Dkt. 1 at 6 of 56). Because the summons has expired and CTX was not properly served, the claims against CTX are dismissed

1

to Magistrate Judge Mona K. Majzoub. (Dkt. 6.) Defendants BANA and MERS filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 7), which was fully briefed. Magistrate Judge Mazjoub entered a Report and Recommendation (R&R) recommending that the motion to dismiss be granted. (Dkt. 14.) Plaintiff filed objections to the R&R (Dkt. 15), and Defendants filed a response (Dkt. 16). The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons that follow, the Court accepts in part and rejects in part the R&R, overrules in part and sustains in part Plaintiff's objections, grants Defendants' motion to dismiss, and grants in part Plaintiff's request to amend his complaint.

## II.     BACKGROUND

The Court considers the allegations in the complaint as well as the Note and Mortgage (Exs. A, B to Mot. to Dismiss, Dkts. 7-2, 7-3); the Assignment of the Mortgage (Ex. C. to Mot. to Dismiss, Dkt. 7-4); the Notice of Default under Mich. Comp. Laws § 600.3205 (Ex. D to Mot. to Dismiss, Dkt. 7-5); and the Sheriff's Deed on Mortgage Sale (Ex. E to Mot. to Dismiss, Dkt. 7-6). These documents indicate that Plaintiff acquired a mortgage loan from Shore Mortgage, with the security for the mortgage granted to Defendant MERS. Mortgage at 2 of 12 (CMECF pagination), Ex. B to Mot. to Dismiss (Dkt. 7-3). On February 4, 2010, MERS assigned its interest in the mortgage to BAC Home Loans Servicing, L.P. Assignment, Ex. C. to Mot. to Dismiss (Dkt. 7-4). The assignment of the mortgage was recorded on March 10, 2010. Id. It is not disputed that BAC Home Loans Servicing later merged into BANA.

Plaintiff subsequently defaulted on the loan. Sheriff's Deed at 3 of 9 (CMECF pagination), Ex. E to Mot. to Dismiss (Dkt. 7-6). BAC Home Loans, through its counsel, mailed

---

without prejudice. See, e.g., Rishoi v. Deutsche Bank Nat. Trust Co., No. 12-12957, 2013 WL 142258, at *1 n.1 (E.D. Mich. Jan. 11, 2013).

Plaintiff written notice of default on February 3, 2010. Ex. D (Dkt. 7-5). This notice was sent to Plaintiff one day before BAC Home Loans acquired an interest in the property pursuant to the assignment of the mortgage. Notice of the foreclosure sale was published in Macomb County Legal News. Sheriff's Deed at 7 of 9. On April 16, 2010, a Sheriff's Sale of the property was conducted, and BAC Home Loans purchased the property for $149,946.82. Id. at 5 of 9. The redemption period expired six months later, on October 16, 2010. Id. at 9 of 9.

When Plaintiff filed his complaint, his status was pro se, but he subsequently retained counsel. The response to the motion to dismiss and the objections were prepared by Plaintiff's counsel.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss: (i) the complaint must plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim; and (ii) if all well-pled factual allegations are accepted as true, the complaint must state a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009). In ruling on a motion to dismiss, a court may consider the entire complaint, documents incorporated by reference in the complaint and central to the claims, and matters on which a court may take judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 55l U.S. 308, 322 (2007). Materials on which a court may take judicial notice include public records. New England Health Care Emps. Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003) (abrogated on other grounds by Merck & Co, Inc. v. Reynolds, 130 S. Ct. 1784 (2010).

### IV. ANALYSIS

Plaintiff raises the following objections to the R&R: (i) the R&R incorrectly applied Kim

v. JPMorgan Chase Bank, N.A., 825 N.W.2d 329 (Mich. 2012) and "ignored the factual development to demonstrate the structural defects in the foreclosure process," Obj. at 2 (Dkt. 15); (ii) the R&R "prematurely determined the Plaintiff was not prejudiced by the foreclosure of his home," id. at 4; (iii) Plaintiff's allegations of "robo-signing," if true, would affect Defendants' ability to comply with the Michigan foreclosure by advertisement statute, and this issue requires factual development, id. at 5; and (iv) Plaintiff should be given an opportunity to amend the complaint, which he filed pro se. Id. at 6.

### A. Objections Regarding Kim v. JPMorgan Chase

In his first objection, Plaintiff argues that the R&R improperly relied on Kim v. JPMorgan Chase Bank, N.A., 825 N.W.2d 329 (Mich. 2012), for the proposition that a foreclosure may "move forward without regard to lack of compliance with the foreclosure statutes." Obj. at 3. In his second objection, Plaintiff argues that the R&R erroneously determined that he had not established he was prejudiced by the foreclosure, and Plaintiff seems to argue that he need not affirmatively plead prejudice in his complaint. Obj. at 4.

The R&R states that "[t]he gist of Plaintiff's argument in response to the instant motion is that the foreclosure sale was wrought with structural defects that made it impossible for Defendants to comply with Michigan's foreclosure by advertisement statute." R&R at 6 (Dkt. 14). The R&R suggests that under Kim, Plaintiff fails to allege sufficient structural defects to set aside the foreclosure sale, because Plaintiff has not alleged any facts to show he was prejudiced by any noncompliance with the foreclosure statute. Id. at 7-8.

The Court agrees with the R&R's conclusion. In his complaint, Plaintiff alleges various defects with the foreclosure process. He alleges that "[f]raud and or irregularity are throughout the Documents," and that the mortgage release documents and mortgage assignment were

4

fraudulently signed by a robo-signer. Compl. ¶¶ 8-17 (Ex. 1 to Dkt. 1). Additionally, the documents attached to the filings indicate that BAC Home Loans sent a notice of default to Plaintiff one day before BAC Home Loans received its interest in the mortgage via the assignment, and several weeks before the assignment was recorded. In his response to the motion to dismiss, Plaintiff also argues that the foreclosure was commenced before the assignment was recorded. Pl. Resp. at 4-5 (Dkt. 10).

The Michigan foreclosure by advertisement statute states, in pertinent part:

(1) Subject to subsection (4), a party may foreclose a mortgage by advertisement if all of the following circumstances exist:

(a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.

(b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.

(c) The mortgage containing the power of sale has been properly recorded.

(d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.
. . . .
(3) If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage.

Mich. Comp. Laws § 600.3204.

In Kim v. JPMorgan Chase Bank, N.A., 825 N.W.2d 329 (Mich. 2012), the Michigan Supreme Court discussed defects in a foreclosure process that arise when the foreclosing party has not complied with the Michigan foreclosure statutes. The Kim court held that while, "as a general matter, a mortgagee cannot validly foreclose a mortgage by advertisement before the

5

mortgage and all assignments of that mortgage are duly recorded," 825 N.W.2d at 332, defects in a foreclosure process render the foreclosure voidable, not void ab initio. Id. at 337. To demonstrate that the foreclosure sale should be set aside, "plaintiffs must show that they were prejudiced by defendant's failure to comply with Mich. Comp. Laws § 600.3204. To demonstrate that prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." Kim, 825 N.W.2d at 3327. The R&R concluded that Plaintiff did not state any facts or make any arguments showing he was prejudiced by Defendants' alleged failure to comply with the foreclosure statute. R&R at 8.

Having reviewed the R&R, the Court concludes that it correctly interprets and applies Kim. Contrary to Plaintiff's assertion in his objections, the R&R did not conclude that a foreclosure may continue "without regard to lack of compliance with the foreclosure statutes;" instead, the R&R correctly concluded that, under Michigan law, allegations of noncompliance with the foreclosure statute are insufficient to set aside a foreclosure absent allegations that the plaintiff was prejudiced by the noncompliance.[2] R&R at 7-8.

---

[2] Plaintiff also seems to argue that under Mitan v. Federal Home Loan Mortgage Corp., 703 F.3d 949 (6th Cir. 2012), the motion to dismiss must be denied so that discovery can proceed on the issue of whether there was compliance with the foreclosure statute. Obj. at 3. However, Mitan is not applicable to the instant case. In Mitan, the Sixth Circuit held that a lender's failure to follow the loan-modification procedures established in the foreclosure by advertisement statute rendered the foreclosure invalid. 703 F.3d at 952-953. In reaching this conclusion, the court relied on Davenport v. HSBC Bank, 739 N.W.2d 383 (Mich. Ct. App. 2007). The court therefore remanded the case for further factual development on the issue of whether the lender foreclosed on the property in violation of the loan modification law. Id. at 953.

However, the Michigan Supreme Court's decision in Kim, which was issued nine days after the Sixth Circuit issued Mitan, abrogated Davenport. Kim clarified that defects in the foreclosure process rendered the foreclosure voidable, as opposed to void; it further held that to state a claim for setting aside a foreclosure on the grounds that the defendants did not comply with the foreclosure statute, a plaintiff must demonstrate that he was prejudiced by the noncompliance. Under Kim, Plaintiff was required to allege prejudice.

The Court further concludes that Plaintiff has not made any allegations demonstrating how he would have been better able to preserve his interest in the property absent the alleged defects in the foreclosure process. However, the Court is mindful that Plaintiff was pro se when he filed his complaint; and the Court is also aware that Kim, which was decided after Plaintiff filed his complaint, has altered the landscape of pleading requirements for claims alleging noncompliance with the Michigan foreclosure by advertisement statute.

Plaintiff requests leave from the Court to amend his complaint. Obj. at 6-7. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "District courts have a responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that the pro se litigant would be able to state a meritorious claim." McCallum v. Gilless, 38 F. App'x 213, 216 (6th Cir. 2002) (citations omitted). Because Plaintiff has made various allegations of noncompliance with the foreclosure by advertisement statute, under Kim, Plaintiff may be able to state a meritorious claim for setting aside the foreclosure if he sufficiently alleges that he was prejudiced by the claimed violations. Therefore, the Court will grant Plaintiff leave to amend his complaint to add allegations explaining how he was prejudiced by the alleged violations of the Michigan foreclosure by advertisement statute.

### B. Objection Regarding Robo-signing

In his third objection, Plaintiff argues that his allegations of robo-signing pose a valid challenge to the foreclosure process and should not be dismissed.[3] Obj. at 5-6. Defendants

---

[3] It is undisputed that, notwithstanding the expiration of the foreclosure redemption period, Plaintiff has standing to raise claims of fraud or irregularities in the foreclosure process. See, e.g., Nett v. Wells Fargo Home Mortgage, Inc., No. 10–15058, 2011 WL 1519166, at *3 (E.D.Mich. Apr. 20, 2011); Roller v. Federal Nat. Mortg. Ass'n, No. 12-11236, 2012 WL

7

respond that, as the R&R concluded, it does not matter that Plaintiff raised allegations of robo-signing because those allegations are insufficient to support a fraud claim. Resp. at 5. Defendants further argue that, to the extent that Plaintiff's claim is based on a challenge to the mortgage assignment, Plaintiff lacks standing to challenge the validity of that document. Id.

The R&R suggests that "courts in this District have held that bare allegations that robo-signers were used to sign documents are insufficient to state a claim of fraud. See Adams v. Springleaf Fin. Serv./AIG, 2012 WL 2905279, at *7 (E.D. Mich. July 16, 2012) (citing cases)." R&R at 8.[4] For the reasons that follow, the Court concludes that the allegations of robo-signing in the complaint do not suffice to state a claim; however, the Court will grant Plaintiff leave to amend his complaint with regards to the robo-signing allegations.

As the R&R notes, several courts have concluded that "bare allegations" of robo-signing, without additional factual allegations in support, are insufficient to plead a claim of fraud or irregularity. See, e.g., Assasepa v. JPMorgan Chase Bank, No. 11-156, 2012 WL 88162, at *8 (S.D. Ohio Jan. 11, 2012) ("While the Court is mindful of reports of financial institutions using so-called robo-signers to improperly sign documents used in the foreclosure process . . . . Twombly require[s] plaintiffs to set forth more than bare allegations of robo-signing without any other factual support.") (citation and quotation marks omitted); Block v. BAC Home Loans Servicing LP, No. 11-11181, 2012 WL 2031640, at *4 (E.D. Mich. June 6, 2-12) ("[V]ague and speculative assertions of what has been labeled as 'robo-signing' are insufficient to state a

---

5828625, at *2 (E.D. Mich. June 4, 2012). Therefore, to state a meritorious claim at this stage, Plaintiff must allege fraud or irregularities in the foreclosure process.

[4] Although the parties do not cite any authorities for a definition of robo-signing, Plaintiff attaches to his objections a felony complaint by the Michigan Attorney General in People v. Lorraine Brown, complaint no. 2012-0007975-A, which provides the following definition of "robo-signing": "a practice in which unauthorized employees were directed to fraudulently sign another authorized person's name on mortgage documents in order to execute these documents as quickly as possible and increase profits." Felony Complaint (Dkt. 15-9).

plausible claim of fraud or irregularity."); Cerecedes v. U.S. Bankcorp., No. 11-219, 2011 WL 2711071, at *5 (C.D. Cal. July 11, 2011); Adams v. Springleaf Fin. Serv./AIG, No. 12-10308, 2012 WL 2905279, at *7 (E.D. Mich. July 16, 2012).

The complaint alleges that the various parties who signed a Mortgage Release, Satisfaction, and Discharge form for a prior mortgage taken out by Plaintiff were robo-signers. Compl. ¶¶ 9-12 (Ex. 1 to Dkt. 1). The complaint further alleges that the Assignment of the Mortgage is a fraudulent document signed by a robo-signer. Id. ¶ 13. Finally, the complaint alleges that "Attorney Marcy J. Ford-Drafted Document is also fraud" because Attorney Ford is a robo-signer. Id. ¶ 15.

However, the complaint does not allege any further facts in support of the robo-signing allegations. Specifically, Plaintiff fails to set forth facts showing that the robo-signing of the documents has tainted the foreclosure by actionable fraud. Without factual support, these allegations are conclusory and vague. The Court therefore concludes that the robo-signing allegations, as currently plead, are insufficiently particular to state a claim for fraud. See Block v. BAC Home Loans Servicing, No. 12-1955, at *2 (6th Cir. Mar. 26, 2013) (allegations that included a claim that the defendants engaged in "robo-signing" were speculative and conclusory, and insufficient to state a claim for fraud).[5]

---

[5] The Court notes that two of the three documents referenced in the complaint – the Mortgage Release, Satisfaction, and Discharge document (Dkt. 1 at 20 of 56) and the "Marcy J. Ford-drafted document" – do not appear to have any relevance to the foreclosure that Plaintiff challenges. The Mortgage Release, Satisfaction, and Discharge document memorializes the 2005 satisfaction and release of a prior mortgage held by Plaintiff, which appears unrelated to the mortgage whose foreclosure Plaintiff challenges in this action. The "Marcy J. Ford-drafted document" was not attached to any submission by Plaintiff, making it impossible for the Court to determine its relevance. Thus, even if these two documents were robo-signed, the complaint does not clarify how these documents would establish fraud that would invalidate the foreclosure.

For these reasons, the Court will grant Defendants' motion to dismiss with regards to the robo-signing allegations. However, although the robo-signing allegations in the instant complaint do not suffice to state a claim for fraud, Plaintiff may be able to state a meritorious robo-signing claim if given leave to amend. Therefore, the Court will grant Plaintiff leave to amend his complaint with respect to the robo-signing claim.

To state a claim for fraud, a plaintiff must assert the following elements:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery.

Hi-Way Motor Co. v. International Harvester Co., 247 N.W.2d 813, 816 (Mich. 1976) (citations and quotation marks omitted). On the basis of the limited record before the Court, it cannot be said that Plaintiff will not be able to allege that the robo-signing of documents amounted to actionable fraud. Nor can it be said that the robo-signing of documents could not possibly amount to an irregularity that would invalidate a foreclosure. See, e.g., Ypsilanti Charter Twp. v. Kircher, 761 N.W.2d 761, 782 (Mich. Ct. App. 2008) (voiding a lien and setting aside a foreclosure sale because "the irregularities at issue . . . were fundamental defects that went to the very validity of the purported lien itself.").

Defendants, however, argue that Plaintiff does not have standing to challenge the assignment of the mortgage. The Court disagrees, and concludes that if Plaintiff's amended complaint sufficiently alleges that the signature on the mortgage assignment was a forgery, Plaintiff may have standing to challenge the assignment.

The Sixth Circuit has explained:

10

> [T]here is ample authority to support the proposition that "a litigant who is not a party to an assignment lacks standing to challenge that assignment." 717 F.Supp.2d at 736–37. An obligor "may assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void." 6A C.J.S. Assignments § 132 (2010). These defenses include nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment, none of which are available in the current matter. Id. Obligors have standing to raise these claims because they cannot otherwise protect themselves from having to pay the same debt twice. Id.

Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLc, 399 F. App'x 97, 102 (6th Cir. 2010).

Other authorities confirm that a forged signature may be sufficient to invalidate the assignment, especially where there is a risk that the mortgagor may be subject to double recovery. See Talton v. BAC Home Loans Servicing LP, 839 F. Supp. 2d 896, 907 (E.D. Mich. 2012) (concluding that "Livonia Properties does not foreclose a challenge to compliance with the statute based on an argument that because an assignment was invalid (for example, because it was a forgery), the purported mortgage-holder did not actually hold the mortgage and therefore was not entitled to foreclose."). See also Countrywide Home Loans, Inc. v. Peoples Choice Home Loan Inc., 2011 WL 6118597, at *6 (Mich. Ct. App. Dec. 6, 2011) ("[A]ny deed or mortgage resting on forgery is null and void . . . . no rights can be acquired under a forged conveyance."); McConnell v. McConnell, No. 304959, 2012 WL 5857297, at *4 (Mich. Ct. App. Oct. 30, 2012) ("Actual forgery of a signature or fraud in obtaining a signature may invalidate a deed.") Because Plaintiff may be able to allege that the assignment was forged via robo-signing and because he may be subject to double recovery, the Court cannot presently conclude that he has no standing to challenge the mortgage assignment.

For these reasons, the Court concludes that Plaintiff may be able to assert a meritorious claim of fraud and violation of the foreclosure by advertising statute on grounds of robo-signing.

Therefore, the Court will grant Plaintiff leave to amend his complaint with regards to the robo-signing allegations.

## V.     CONCLUSION

For the reasons stated above, the Court accepts in part and rejects in part the R&R, overrules in part and sustains in part Plaintiff's objections, grants Defendants' motion to dismiss, and grants Plaintiff leave to amend his complaint with regards to (i) demonstrating that he was prejudiced by the alleged noncompliance with the foreclosure statute, and (ii) amending the robo-signing claim. Plaintiff's amended complaint is due on or before April 10, 2013.  If Plaintiff has not filed an amended complaint by this date, the dismissal of Plaintiff's claims will be with prejudice.

SO ORDERED.


Dated:  March 29, 2013               s/Mark A. Goldsmith
        Flint, Michigan              MARK A. GOLDSMITH
                                     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 29, 2013.

                                     s/Deborah J. Goltz
                                     DEBORAH J. GOLTZ
                                     Case Manager